UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CURTIS D. CRUZ,                      )
                                     )    No. CV-07-3020-CI
            Plaintiff,               )
                                     )    ORDER GRANTING PLAINTIFF'S
v.                                   )    MOTION FOR SUMMARY JUDGMENT
                                     )    AND DENYING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner      )    MOTION FOR SUMMARY JUDGMENT
of Social Security,                  )
                                     )
            Defendant.               )
                                     )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 13, 15.)   Attorney D. James Tree represents Plaintiff;
Assistant United States Attorney Frank A. Wilson and Special
Assistant United States Attorney Leisa A. Wolf represent Defendant.
The parties have consented to proceed before a magistrate judge.
(Ct. Rec. 8.)  After reviewing the administrative record and briefs
filed by the parties, the court **GRANTS** Plaintiff's Motion for
Summary Judgment, and remands the matter to the Commissioner for
additional proceedings.

                          **JURISDICTION**

     On December 10, 1998, Plaintiff Curtis Cruz (Plaintiff) filed
his application for disability insurance benefits.   (Tr. 76-78.)
Plaintiff alleged disability due to history of crushing left leg
injury and resulting surgery, with subsequent back, neck, and hip

pain, fatigue, paralysis in both legs, and loss of sphincter control, with an onset date of September 9, 1996. (Tr. 76, 91.) After a hearing on October 2, 2001, (Tr. 555-577) Administrative Law Judge (ALJ) Denny Allen found Plaintiff not disabled in a December 13, 2001, decision. (Tr. 374-384.) On April 12, 2005, the Appeals Council vacated the decision and remanded for further proceedings to address: 1) the opinion of the treating physician, including explaining the weight given; 2) Plaintiff's mental impairments, giving specific findings and rationale for each functional area; and 3) identify and resolve any DOT conflicts. (Tr. 390-393.) The Appeals Council noted Plaintiff was awarded benefits as of April 1, 2002, pursuant to a subsequently filed application. The Appeals Council did not disturb the determination and limited remand to whether Plaintiff was disabled from the date of onset (September 9, 1996), through the date last insured (September 30, 2000). (Tr. 391.)

Supplemental hearings were held February 13, 2006, (Tr. 580-603) and November 29, 2006, (Tr. 606-643) before ALJ R. J. Payne. After hearing testimony from Plaintiff, represented by counsel, medical experts Ollie Ralston, M. D., and W. Scott Mabee, Ph.D., and vocational expert Dennis Elliott (Tr. 583-591,591-599,629-639), ALJ Payne denied benefits (Tr. 20-30) and the Appeals Council denied review. (Tr. 9-11.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

                          **STATEMENT OF FACTS**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 40

years old at onset. (Tr. 28.) He has a ninth or tenth grade education. (Tr. 88, 208.) Plaintiff has worked as a restoration construction worker (carpentry and painting), property manager, farm machinery tender, and barber. (Tr. 92.) Although the ALJ acknowledged Plaintiff's history of intermittent marijuana use, "substance abuse issues," and incarceration for delivering controlled substances (marijuana and methamphetamine) in 2005[1] (Tr. 24-26, 618-19), he did not perform an analysis pursuant to *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage

---

[1]Plaintiff tested positive for marijuana on September 21, 1998. (Tr. 71, 213.) He admitted to SSI on December 10, 1998, that he was "drinking too much." (Tr. 114.) Although it is after the last insured date, Dr. Macki noted on August 20, 2001, that Plaintiff "freely admits that he recently attended a 'Hemp-Fest' in Seattle, and it was, as I thought, a big marijuana bash." (Tr. 306.) Plaintiff testified he uses marijuana. (Tr. 628.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404. 1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

416.920(a)(4)(iv).  At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered.  If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that: (1) plaintiff can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction ("DAA") is not a contributing material factor to disability.  *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim.  42 U.S.C. §§ 423 (d)(2)(C) and 1382a(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998).  If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the

determination of disability.  20 C.F.R. §§ 404.1535 and 416.935.  If the ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether DAA is a contributing factor material to disability.  However, if the ALJ finds that the claimant is disabled and there is medical evidence of drug addiction or alcoholism, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs. *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F. 2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted).  "[S]uch

inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner* v. *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At the onset the ALJ noted that Plaintiff last met the insured status requirements for disability insurance benefits as of September 30, 2000. (Tr. 23.)  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the relevant time.  (Tr. 23.)  At step two, he found Plaintiff has severe impairments of history of crushing left leg injury with subsequent

back, neck, and hip pain. (Tr. 23.)  At step three, he found that these impairments do not meet or medically equal the requirements of the Listings. (Tr. 25.) The ALJ found Plaintiff's allegations not totally credible. (Tr. 27.)  At step four, he found Plaintiff was unable to perform his past relevant work. (Tr. 27.)  The ALJ found transferability of skills was not at issue.  (Tr. 28.)  At step five, relying on a vocational expert , the ALJ found that there are other jobs in the local and national economies Plaintiff can perform, such as seedling sorter, fast food worker, and sedentary level order clerk.  (Tr. 29.)  Plaintiff was, therefore, not under a "disability" as defined by the Social Security Act.  (*Id.*)

### ISSUES

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, he argues that the ALJ improperly weighed the medical evidence, failed to give specific reasons supporting his credibility determination, and failed to meet his burden at step five of identifying specific jobs Plaintiff is able to perform. (Ct. Rec. 14 at 15.)

The Commissioner opposes the Plaintiff's Motion for Summary Judgment and asks that the ALJ's decision be affirmed. (Ct. Rec. 16 at 14.)  The first issue is dispositive.

### DISCUSSION

**A.    Weighing Medical Evidence**

Plaintiff alleges that the ALJ erred by failing to properly credit the opinion of treating physician Victoria Macki, M.D., and of the "the consultative examiner, the state agency consultant, and the medical expert at the hearing" with respect to Plaintiff's

limitations in concentration, persistence, and pace. (Ct. Rec. 14 at 18-22.) The Commissioner responds that the ALJ properly weighed the medical evidence.

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful to the adjudication. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when

1  supported by other evidence in the record.  *Id.*

2  1.  <u>Treating Physician</u>

3      Plaintiff contends that the ALJ erred by failing to properly

4  credit Dr. Macki's opinion.   In its order following remand, the

5  Appeals Council specifically directed the ALJ to further consider

6  the opinion of treating physician Macki and explain the weight given

7  to her opinion.  (Tr. 391-392.)

8      Plaintiff injured his left leg at work on September 9, 1996,

9  the onset date, and was referred to Dr. Macki after being treated in

10  the ER.   (Tr. 229.)   A brief overview of her treatment notes

11  indicates: (1) On October 2, 1996, Plaintiff was still on crutches

12  and had begun physical therapy; (2) On November 15, 1996, Plaintiff

13  was off crutches, but continued to have pain, and a lack of

14  flexibility and strength in his left leg (Tr. 225); (3) On October

15  23, 1997, Plaintiff told Dr. Macki his legs and feet were numb and

16  tingling the previous night while on the treadmill at physical

17  therapy (Tr. 220); (4) On October 16, 1998, Dr. Macki opined that

18  Plaintiff's back pain is a severe impairment indicating an inability

19  to perform one or more basic work activities (Tr. 255); (5) On

20  January 8, 1999, Dr. Macki stated: "Frankly, I think it is fairly

21  unrealistic to think about getting Pt back to full time useful

22  gainful employment.   It would take many years of intensive

23  rehabilitation and I am not sure that he has got the capacities to

24  sustain that." (Tr. 254); (6) In March of 1999, Dr. Macki opined:

25  "I do not have the imagination to place him in a full time job at

26  this point" (Tr. 253); and (7) After she performed a disability exam

27  on October 15, 1999, Dr. Macki assessed emphysema, not yet

28  disabling; chronic back and hip pain, dating to time of crush injury

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

in 1996; chronic neck and arm pain, unsure of exact time of onset or etiology; chronic diarrhea, dating from time of crush injury in 1996, and impotence, by report from time of crush injury in 1996. (Tr. 339.)

The ALJ states that Dr. Macki's opinions changed over time: "It is clear that while 'disability' was initially endorsed (Exhibit 6F/6), this endorsement did not continue (Exhibit 6F/4; see also Exhibits 10F/9, 16F/63-69; 19F/6)." (Tr. 24.)

The first exhibit cited by the ALJ details Dr. Macki's visit on September 14, 1998, with a representative concerning Plaintiff's Labor and Industries claim. (Ex. 6F at 6). Dr. Macki opined that Plaintiff's previous work was unsuitable because of his leg length discrepancy and ongoing back problems. (Tr. 212.) She felt optimistic that Plaintiff could perform a job which took into account her concerns, including stress on the back, pressure, pushing, and twisting. (Tr. 212.) She thought Plaintiff should begin a new type of work for two hours a day and gradually work up to eight. (Tr. 212.) This is the opinion the ALJ describes as "initially endorsing disability." (Tr. 24.)

The ALJ cites Exhibit 6F at page 4 (Tr. 210) as revealing Dr. Macki's changed opinion that Plaintiff is not disabled. On November 4, 1998, Dr. Macki opined that an IME would be useful, and Plaintiff would need significant job training "in order to be able to do any type of useable work again and would not be able to be employed . . . in a physical capacity, but would rather have to have a more flexible and sedentary job." (Tr. 210.) The additional exhibits referred to by the ALJ (mostly from 1999), do not support the ALJ's characterization. Dr. Macki's later opinions during the

applicable time frame endorse Plaintiff's disability.  On June 20, 2000, Dr. Macki assessed marked impairment caused by chronic back and left leg pain, and moderate impairment caused by COPD.  (Tr. 369.)   On December 20, 2000, (Plaintiff's last insured date is September 30, 2000) Dr. Macki assessed moderate impairment in three areas: chronic back pain, chronic leg pain, and COPD.  She opined that further treatment was not likely to restore Plaintiff's ability to work at least half-time.  (Tr. 367-368.)

The ALJ's findings with respect to the opinions of treating physician Dr. Macki are not supported by substantial evidence.  In addition, the ALJ does not provide legally sufficient reasons for rejecting some of Dr. Macki's opinions.  This is legal error and contrary to the directive of the Appeals Council after remand.

2.  Examining and Consulting Psychologists

On February 13, 2006, medical expert W. Scott Mabee, Ph.D., testified.  (Tr. 591-599.)  Dr. Mabee reviewed Plaintiff's mental health records:

> [Plaintiff] was seen by the Central Washington Comprehensive Mental Health Center in October of 2000 . . . .  At that time, they made a diagnosis of dysthymia but noted no social or cognitive functional limitations.  It was not until later records that the dysthymia or difficulties became more significant.  In [Exhibit] 20F, in May of 2002, the Claimant took an overdose of medication in response to pain complaints.  He denied depression at that time and there was no formal diagnosis given.  Dr. Taze [phonetic] in [Exhibit] 22f did a consultative examination in July of '02, again made a diagnosis of dysthymia along with standardized testing, adult intelligence scales indicated borderline intellectual functioning and a pain disorder secondary to his general medical condition which is not a DSM psychiatric diagnosis but a reference to really what would be considered Axis III features in terms of some general medical condition that is driving pain complaints . . . . during the period of '96 to 2000, . . . . There is no Axis I condition.  There is a borderline intellectual functioning that would be supported from the subsequent

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

testing. It would likely have been present during that period. . . . So basically any limitations during that period would be the result of borderline intellectual functioning under 12.05 and a mild dysthymia under 12.04.

. . .

On the B criteria, **I noted moderate for concentration and persistence in pace and having to do with being able to focus on particular verbal information, directions, instructions, so on.**

. . .

. . . Covering the period of '96 to 2000, primarily as a result of borderline intellectual functioning, [I assessed] moderate limitations for understanding and remembering detailed instructions and being able to carry out detailed instructions, [and] **moderate limitations for pace of performance.**

(Tr. 592-594.)  (Emphasis added.)

The ALJ rejected Dr. Mabee's assessed moderate limitation as to Plaintiff's ability to maintain concentration, persistence, and pace, but gave no reason for the rejection, other than finding the limitation not supported:

Dr. Mabee indicated that under Criteria B for Functional Limitations/Impairment severity, the claimant had "moderately" [sic] limitations for maintaining concentration, persistence and pace; but was only "mild" for all other functional domains of activities of daily living, . . . .

In an accompanying more detailed mental capacity assessment, he also indicated that the claimant was "moderately" limited in his ability to understand, remember and carry out detailed instructions, and complete a normal workweek without interruption from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. While the undersigned understands the limitations indicated for "detailed work instructions" given indications of borderline intellectual functioning, the undersigned does not find the limitations indicated for completing a normal workweek or a consistent pace supported.

(Tr. 25.)  The ALJ points to nothing in the record in support of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

this statement.    The Commissioner fails to address the argument. The Appeals Council directed further evaluation of Plaintiff's mental impairments, and directed the ALJ to provide specific findings and the rationale for his determination for each functional area.  (Tr. 392.)

As Plaintiff correctly points out, Dr. Mabee's assessed pace limitation is shared and amplified by other psychologists: a DDS adjudicator assessed "marked" difficulties in maintaining concentration, persistence or pace in September of 2002 (Tr. 487), noting that testing by Jay Toews, Ed.D., suggests Plaintiff's limited pace may be due to neuropsychological deficits.  (Tr. 489, referring to Tr. 544-548.)

Contrary to the directive of the Appeals Council following remand, the ALJ rejected these psychologists' opinion that Plaintiff is at least moderately limited in concentration, persistence and pace without providing a reason.    This is legal error and the finding is unsupported by substantial evidence.

**B.    Remedy**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining psychologist or physician.    The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester,* 81 F.3d at 834; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister*, *supra,* a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Benecke*, 379 F.3d at 594 (court has flexibility in crediting testimony if

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990)(*citing McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

In this case, the ALJ was directed by the Appeals Council to provide reasons for the weight given to Dr. Macki's opinion, and to do so with respect to Plaintiff's assessed mental impairments. The ALJ did not do so. Accordingly, it appears that these opinions should be credited as a matter of law. When credited as a matter of law, it appears from the opinions of several psychologists (including the testifying psychologist) that Plaintiff is disabled, and was disabled physically (based on Dr. Macki's opinion) from October 16, 1998, through the last insured date of September 30, 2000. However, the record contains evidence of substance abuse which is not addressed and is the province of the ALJ, not this court. Accordingly, remand is required to address the issue of drug and/or alcohol abuse.

## CONCLUSION

The ALJ's decision is based on legal error and not supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13 )** is **GRANTED**. The matter is remanded to the Commissioner of Social Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. §§ 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

**DENIED.**

    3.    An application for attorney fees may be filed by separate motion.

    The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

    DATED March 19, 2008.


                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 16